## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NUMBER:

DORINDA WILSON,
Individually,

    Plaintiffs,

vs.

ENTERPRISE TITLE, INC., a Florida corporation, and
DONNA W. STRAUS, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DORINDA WILSON, ("Plaintiff" and/or "WILSON"), individually, by and through undersigned attorneys, files this, her Complaint against Defendants, ENTERPRISE, INC., ("ENTERPRISE"), and DONNA W. STRAUS, ("STRAUS"), (collectively "Defendants") and in support thereof states the following:

## JURISDICTION

1.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid overtime wages, unpaid commissions, and an additional equal amount in liquidated damages; to obtain declaratory relief; and to recover reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §2l6(b) and 28 U.S.C. §§ 2201-2202.

3.    The jurisdiction of this Court over this controversy is also based upon the following:

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

    a) The unlawful employment practices alleged below occurred and/or were committed within Broward County, Florida; and

    b) Defendant, ENTERPRISE, was and continues to be a Florida for profit corporation doing business within this jurisdictional district.

## **PARTIES**

4. At all times material hereto, Plaintiff, WILSON, was and continues to be a resident of Davie, Broward County, Florida.

5. At all times material hereto, Plaintiff, WILSON, was an "employee" of Defendants within the meaning of the FLSA.

6. Upon information and belief, at all times material hereto, Defendant, STRAUS, was and continues to be a resident of Broward County, Florida.

7. At all times material hereto, Defendant, ENTERPRISE, was and continues to be a Florida for Profit Corporation engaged in business in Broward County, Florida and with offices located at 10081 Pines Blvd, Suite C, Pembroke Pines, Florida 33024.

8. At all times material hereto, Plaintiff, WILSON, was an "employee[s]" within the meaning of the FLSA.

9. At all times material hereto, Defendant, ENTERPRISE, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendant, STRAUS, was the owner and/or principal of the corporate Defendant, ENTERPRISE.

11. At all times material hereto, Defendant, STRAUS, as Plaintiff's employer, was responsible in whole for Plaintiff's compensation and/or made the decision not to pay Plaintiff for her compensatory time.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

12. At all times material hereto, the work performed by Plaintiff, WILSON, was directly essential to the business of Defendants.

13. At all times material hereto, Plaintiff, WILSON, was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1) of the FLSA.

14. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time period(s).

16. Plaintiff, WILSON, at all times material hereto, in her capacity as a non-exempt employee of Defendants, engaged in the handling and/or selling, or otherwise working on goods or materials or services that have been moved in or produced for such commerce as individually covered by the FLSA.

17. Plaintiff, WILSON, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. Defendants are engaged in the business of determining the legitimacy of title for a real estate transaction, and provides title insurance

19. Defendants hired non-exempt employees for various positions including the position that Plaintiff held as a paralegal.

20. WILSON was hired by ENTERPRISE on February 21, 2012 as a paralegal.

21. WILSON was not paid for all of the hours over forty (40) per week that she worked.

22. WILSON left ENTERPRISE's employment in June, 2014.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

23. WILSON returned to her employment with ENTERPRISE, and worked for ENTERPRISE from August 25, 2014 through August 23, 2016.

24. WILSON received a semimonthly base pay of $1958.33.

25. WILSON's calculated average hourly rate based on a 40 hour work week, taking into account the base pay and the commissions, was $22.60 per hour.

26. WILSON's overtime rate should have been $33.90 per hour.

27. WILSON was directed to punch in when she began work and punch out when she left work.

28. WILSON's Job Punchcard Reports indicate that she worked an average of 41 and ½ hours each work week.

29. Plaintiff regularly worked in excess of 40 hours per week.

30. Plaintiff was not paid at the statutory overtime rate of time and a half for the hours that she worked in excess of 40 hours per week.

31. From the commencement of her employment through the date of her termination, Defendants failed to compensate WILSON at a rate of one and one-half times her calculated hourly rate for all hours worked in excess of 40 in a single work week.

32. WILSON should be compensated at the rate of one and one-half times Plaintiff's calculated hourly rate for those hours that she worked in excess of forty (40) per week as required by the FLSA while she was employed by Defendants.

33. Defendants have violated Title 29 U.S.C. §207 from at least February 21, 2012 through August 23, 2016 in that no payments, and/or provisions for payment, have been made by Defendants to properly compensate WILSON, at the statutory rate of one and one-half times their calculated hourly rate for those hours worked in excess of forty (40) hours per week as provided by

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

the FLSA.

34. Defendants' failure and/or refusal to properly compensate WILSON, at the rates and amounts required by the FLSA was willful.

35. Defendants refused and/or failed to properly disclose or apprise WILSON of her rights under the FLSA.

36. WILSON is owed $5,186.70 in unpaid overtime. She worked 104 weeks, minus two weeks of vacation. 1.5 hours of overtime per week times 102 weeks equals 153 overtime hours. 153 times $33.90 equals $5,186.70.

37. WILSON has retained the Law Offices of Shawn L Birken, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I

### VIOLATION OF 29 U.S.C. § 207
### OVERTIME COMPENSATION

Plaintiff realleges and reavers paragraphs 1 through 37 of this Complaint as if fully set forth herein.

38. From the beginning of her employment, and continuing through to the last date of her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week for which she was not compensated at the statutory rate of one and one-half times her calculated hourly rate.

39. Plaintiff was entitled to be paid at the statutory rate of one and one-half times her calculated hourly rate for all hours worked in excess of forty (40) during any given work week.

P a g e | 5

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

40. Defendants' actions are willful and/or showed a reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times her calculated hourly rate of pay for the hours worked in excess of forty (40).

41. Defendants' actions were intentional, willful and unlawful as it has been operating since 1985 as is affiliated with a law firm.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered and will continue to suffer damages and lost compensation for time worked over 40 hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

44. Plaintiff is entitled to be paid at the rate of time and one-half for the hours that she worked in excess of the maximum hours provided for in the FLSA with the premium being calculated based upon gross nondiscretionary wages.

45. Defendants acted in reckless disregard for the maximum hour's provision of the FLSA since it has been operating since 1985 and is affiliated with a law firm.

46. Defendants knew of and/or showed a reckless disregard for the maximum hours provisions of the FLSA as evidenced by its failure to compensate Plaintiff, for overtime in the proper manner as described above.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and all similarly situated employees are entitled to recover liquidated damages and an extension of the statute of limitations to three years.

48. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff an equal amount as liquidated damages;

d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff pre and post judgment interest; and

f. Ordering any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff, any opt-in Plaintiffs, and all other similarly situated employees demand trial by jury on all issues so triable by right.

**DATED** this 19th day of December, 2016.

        Respectfully submitted,

        LAW OFFICES OF
        SHAWN L. BIRKEN, P.A.
        100 SE 3rd Ave., Suite 1300
        Fort Lauderdale, Florida  33394
        Tel:   (954) 990-4459
        Fax:   (954) 990-4469
        Email: sbirken@birken-law.com

        By:  /s/Shawn L. Birken
        SHAWN L. BIRKEN
        Florida Bar No.: 418765

P a g e | 7
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com